A99A0236. GOSS v. THE STATE.
(516 SE2d 100)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of theft by taking (motor vehicle), theft by receiving (motor vehicle), and affixing a license plate with the intent to conceal the identity of the vehicle. He appeals directly from the judgments of conviction and sentences entered by the trial court on the jury's verdicts. In his sole enumeration of error, defendant contends the trial court erroneously refused to strike a juror for cause, thereby making defendant exercise a peremptory challenge.

The trial court began voir dire, propounding the statutory questions mandated by OCGA § 15-12-164 (a) (1) through (3). Juror 76, Geraldine Smith, responded affirmatively when defense counsel inquired whether any prospective juror was "opposed to the use of alcohol under any circumstances." When queried by the State's attorney as to what she did for the United States government, Juror 76 replied: "I cannot talk about my job, I'm sorry, but I'm under oath." She confirmed she had worked for the federal government for 41 years, and that she had once served on a civil jury. During individual voir dire of Juror 76, defense counsel posed five questions, eliciting that the juror had worked out of Fort Meade, "between Washington, D.C. and Baltimore," in Prince Georges County, Maryland; then moved to Georgia to be near family members; and that Juror 76 "don't mind snow."

Defense counsel subsequently challenged Juror 76 for cause,

arguing that, because Juror 76 would not talk about her former position, the defense could not question her "about what she does or anything about her job," depriving defendant of his right to a thorough and complete voir dire. For all defendant knew, this juror could have been a spy or with the military police. The trial court denied the challenge for cause, directing defendant to "deal with it on a peremptory basis." *Held*:

> In all criminal cases both the [S]tate and the defendant shall have the right to an individual examination of each juror from which the jury is to be selected prior to interposing a challenge. The examination shall be conducted . . . in criminal cases after the usual voir dire questions have been put by the court. In the examination, the counsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the case, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the subject matter . . . or the counsel or parties thereto, and the religious, social, and fraternal connections of the juror.

OCGA § 15-12-133.

But in order to obtain a new trial because counsel lacked an item of information which objectively she should have received from a juror on voir dire,

> a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause. The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial. [Cit.]

*Isaacs v. State*, 259 Ga. 717, 741 (44) (e) (386 SE2d 316). In the case sub judice, it is not farfetched to infer that a prospective juror, under oath not to reveal specifics of her 41-year career with the federal government at Fort Meade, Maryland, was formerly employed in some capacity for the National Security Agency. But the truth of that inference, or that she might have worked for the military police, would not be a valid basis to disqualify Juror 76 for cause under any of the grounds enumerated by OCGA §§ 15-12-135 (a) (consanguinity); 15-12-163 (b) (statutory disqualifications, propter defectum); or 15-12-

164 (a) (1) through (3) (fixed opinion or bias, disqualifications propter affectum). The trial court did not err in refusing to strike Juror 76 for cause. *Hayes v. State*, 261 Ga. 439, 441 (2) (405 SE2d 660).

*Judgments affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 12, 1999.

*Summer & Summer, Elizabeth B. Reisman*, for appellant.

*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.